Timothy B. BRASUELL,
Plaintiff—Appellant,

v.

FISKARS BRANDS, INC.,
Defendant—Appellee.

No. 04–15263.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2005.*

Decided May 24, 2005.

Bruce Berline, Esq., William M. Fitzgerald, Esq., Attorney at Law, Saipan, MP, for Plaintiff–Appellant.

Randall Thompson, Saipan, CM, for Defendant–Appellee.

Before: D.W. NELSON, KOZINSKI, and CALLAHAN, Circuit Judges.

MEMORANDUM **

The only evidence that Brasuell offered to establish that Fiskars manufactured the chair was his own declaration. The declaration contained double hearsay, to which Fiskars timely objected. The district court did not abuse its discretion when it determined that the hearsay evidence was not admissible under the residual or present sense impression exceptions to the hearsay rule. *Fonseca v. Sysco Food Serv., Inc.,* 374 F.3d 840, 845 (9th Cir.2004) (stating that evidentiary rulings in the context of summary judgment are reviewed for abuse of discretion). Accordingly, on de novo review, since Brasuell failed to set forth admissible evidence showing a genuine issue of material fact as to whether Fiskars manufactured the chair, the district court properly granted summary judgment in favor of Fiskars.

We conclude that the district court did not abuse its discretion in denying Brasuell's motion to permit additional discovery pursuant to Fed.R.Civ.P. 56(f) because Brasuell did not diligently pursue discovery in the past. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.